THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ MARÍA GATELL, Defendant and Appellant.

No. 10065. Argued July 7, 1943.—Decided July 12, 1943.

*C. Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for appellant. *R. A. Gómez, Prosecuting Attorney `(Fiscal),* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Two complaints were filed in the Municipal Court of San Juan against the appellant, José María Gatell, for alleged violations of §§84, 86, and 92 of the Internal Revenue Act. It was charged in each of these that on July 15, 1940, in his garage at No. 13 Comercio Street, in San Juan, the defendant had in his possession and under his control, for the sale at wholesale and at retail, motor vehicle parts, without hav-

ing the corresponding internal revenue license for the quarter from July 1 to September 30, 1940.

Both the complaints were heard together in the District Court of San Juan, where judgment was entered in each of the cases sentencing the defendant to pay a fine of $100 or the corresponding imprisonment. The appellant, feeling aggrieved, appealed from both judgments.

The appellant assigns as the only error of the trial court the entry of two judgments which, according to him, are contrary to and inconsistent with the evidence. He contends that the evidence demonstrates beyond any doubt that he had no business or establishment requiring a license during the quarter from July to September, 1940.

In our judgment, the appellant's contention is well founded. The only proof presented against him was the testimony of Alberto Muñoz, Internal Revenue Agent, who testified in substance as follows: that on July 15, 1940, he visited the commercial establishment of Gatell at No. 13 Comercio Street in San Juan, in order to liquidate certain excise taxes on automobile parts that Gatell had imported; that in the course of that investigation he learned that Gatell did not have the required internal revenue license for the sale of automobile parts; that he saw that gasoline, oil, *"parches de fuego,"* etc., were sold there. After he had testified as aforesaid, the witness presented an internal revenue invoice showing that Gatell had on July 9, 1940, imported certain automobile parts.

From the testimony of Muñoz it does not appear that the defendant Gatell was present at the establishment on No. 13 Comercio Street at the time it was visited by the Internal Revenue Agent. Nor is there any evidence in the record that this establishment was the property of the defendant Gatell or that he had any control or administration of the same. Likewise, it cannot be deduced from the testimony that the sales that Agent Muñoz says were made in his

presence were made in the name or with the authorization or for the account of the defendant Gatell. The internal revenue invoice admitted in evidence shows only that Gatell imported certain automobile parts, but it cannot in any way be considered as evidence that Gatell had these parts in an establishment belonging to him in order to offer them for sale, without having a license therefor.

Since the insufficiency of the testimony is so obvious, we must reverse the judgment and acquit the defendant.

Mr. Chief Justice Del Toro did not participate herein.